Argued January 5, affirmed March 17, 1965

## DROSCH *v.* KATO

400 P. 2d 8

*Edwin J. Peterson* and *Lamar Tooze,* Portland, argued the cause for appellant. With them on the briefs were Tooze, Powers, Kerr, Tooze & Morrell, Portland.

*Philip A. Levin,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Levin & Wilson, Portland.

Before McAllister, Chief Justice, and Perry,

SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

Defendant-appellant contends that the trial court erred in not granting a remittitur or new trial upon the ground that the verdict for $84,000 general damages and $8,942.55 special damages in this personal injury action was excessive.

Defendant argues that the trial court and this court have the power to grant a new trial unless a remittitur is filed. The trial court held that it did not have such authority, and that even if it did, the verdict was not excessive.

Defendant argues that *Van Lom v. Schneiderman,* 187 Or 89, 210 P2d 461, 11 ALR2d 1195 (1949), does not apply because (1) the verdict was excessive, being the result of passion or prejudice, and (2) plaintiff's injury was caused by a maritime tort and, therefore, governed by federal law which authorizes remittiturs in the event of excessive verdicts. It is not necessary to decide whether *Van Lom v. Schneiderman,* supra, is inapplicable inasmuch as we agree with the trial court that the verdict was not excessive.

The jury could have found the facts as follows: plaintiff is a longshoreman 54 years old. He lives and works in the Coos Bay area; he has a wife and one son; his education was "a little beyond the eighth grade." In February, 1959, he had surgery for diverticulitis, and a colostomy was necessary which remained open until June, 1959. In August, 1959, he had a hernia repaired. For an indefinite period of

time he has had an occasional stiff or sore back. At the time of the injury and prior thereto he was feeling well.

Plaintiff was injured in May of 1962 when he fell, striking a log. The fall was due to defendant's negligence, and caused a hernia, which was soon repaired. In post-operative care it was found that plaintiff had a "flare-up of his diverticulitis," which was caused by the fall. This necessitated the removal of not quite one-half of his left colon. In this surgery two previously-undiscovered ruptures were found, which also were caused by the accident. These were repaired during the course of this same surgery. This repair work involved special suturing which was unsuccessful and in January, 1963, additional surgery was required.

Plaintiff has continual pain in his stomach and because of it he loses considerable sleep. His back and neck are lame. Plaintiff had been earning about $7,000 per year for the two years prior to the accident. From March, 1963, to the end of the year, plaintiff earned $5,300; however, this was because the hatch boss did all the heavy work. When that particular hatch boss left, plaintiff "lost quite a bit more time." He has not been doing much lately because, "I haven't been feeling like it." The opportunity for longshore work in the area is increasing.

The medical testimony was that plaintiff has permanent injury to the nerves of his abdominal wall which causes pain and which is a permanent condition. "[D]ue to the way that he has to carry himself because of the pain in his side," he has a slight low curve in his back which "is becoming a permanent defect and it is called scoliosis." The symptoms in his back and neck caused by the sprain will continue. Plaintiff has

lost at least 50 per cent of his ability to work and is only able to do light work.

We conclude that these facts were sufficient to support the amount of the jury's verdict.

Affirmed.